UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:12-CR-59 |
| | ) | |
| LAMAR ALLEN | ) | |

# **MEMORANDUM AND ORDER**

Defendant Lamar Allen has filed a *pro se* motion for interstate detainer [Doc. 38]. Defendant states that he is currently incarcerated by the State of Tennessee and he has a federal violation of probation detainer. The defendant requests that the federal court "come and pick [him] up to try and resolve this" prior to his release from state custody.

The record reflects that on March 4, 2013, defendant was sentenced to a term of 57 months imprisonment for distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), to be followed by a six-year term of supervised release [Doc. 25]. That sentence was subsequently reduced to a term of imprisonment of 46 months pursuant to Amendment 782 to the United States Sentencing Guidelines [Doc. 35]. The record further reflects that a petition for revocation of defendant's term of supervision was issued in June 2017 [Doc. 28]. As stated in his motion, defendant is currently in the custody of the State of Tennessee at the Northwest Correctional Complex in Tiptonville, Tennessee.

Defendant's request for relief pursuant to the Interstate Agreement on Detainers Act ("IADA") is without merit because the IADA does not apply to supervised release revocation detainers. *See Carchman v. Nash*, 473 U.S. 716, 725—26 (1985) (IADA does

not apply to probation violation charges); *United States v. Gomez-Diaz*, 415 F. App'x 890, 894 (10th Cir. 2011) (the IADA does not apply to supervised release revocation charges); *White v. United States*, 113 F.3d 1236, 1997 WL 205615, at *2 (6th Cir. 1997) (the IADA does not apply to parole violation charges).

Accordingly, defendant's motion [Doc. 38] is **DENIED**.

IT IS SO ORDERED.

        s/ Thomas W. Phillips
       SENIOR UNITED STATES DISTRICT JUDGE